Robert E. Boone III, California Bar No. 132780
Jennifer A. Jackson, California Bar No. 192998
Brian J. Recor, California Bar No. 229091
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: reboone@bryancave.com
jjackson@bryancave.com
brian.recor@bryancave.com

Attorneys for Defendants
BANK OF AMERICA, N.A; and
FIA CARD SERVICES, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALBAUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; FIA CARD SERVICES, NATIONAL ASSOCIATION; and DOES 1 – 100,<br><br>Defendants. | Case No. CV10-00653-JCS<br><br>[Assigned to Magistrate Judge Joseph C. Spero]<br><br>**BANK OF AMERICA, N.A.'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT [AS MODIFIED BY THE COURT'S MAY 4, 2012 ORDER ON MOTION TO DISMISS]** |

**INTRODUCTORY STATEMENT**

Defendant Bank of America, N.A. ("BANA") answers the Third Amended Class Action Complaint ("TAC") of Plaintiff Richard Albaugh ("Plaintiff"), as the pleading stands following the Court's May 4, 2012 Order re Defendants' Motion to Dismiss ("Order"), and Plaintiff's failure to amend following the Order. Among other things, the Order resulted in the dismissal of all claims by former plaintiffs Patrick Mulcahy and Patricia Vanhorn, as well as Plaintiff's unfair competition claim based on fraud. [Docket No. 127.]

BANA admits, denies, and alleges as follows:

Answering the introductory unnumbered paragraph of the TAC, BANA admits that Plaintiff purports to bring a class action lawsuit against Bank of America, N.A., and FIA Card Services, National Association. BANA denies the remaining allegations of this unnumbered paragraph.

**NATURE OF ACTION**

1.  Answering paragraph 1 of the TAC, BANA admits that it is a nationally chartered bank, regulated by the U.S. Department of Treasury. BANA further admits that it is a division of Bank of America Corporation.

2.  Answering paragraph 2 of the TAC, BANA has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation in paragraph 2.

3.  Answering paragraph 3 of the TAC, BANA admits that it has marketed identity theft protection and credit monitoring products to some Bank of America, N.A. customers under the Privacy Assist brand. BANA further admits that Intersections, Inc., a former defendant in this action, has provided Privacy Assist products. BANA has insufficient knowledge of the remaining allegations set forth therein, and thus denies each and every other remaining allegation in paragraph 3.

4.  Answering paragraph 4 of the TAC, BANA has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation in paragraph 4.

5.  BANA denies the allegations of paragraph 5 of the TAC.

6.  Answering paragraph 6 of the TAC, BANA admits that it has marketed the Privacy

Assist product, which has worked in a manner similar to that described in the TAC, though those packages change from time to time in terms of, among other things, price. BANA denies each and every remaining allegation in paragraph 6.

7. Answering paragraph 7 of the TAC, BANA admits that some Privacy Assist customers have paid for the product by electronic funds transfer. BANA denies that "[t]he EFT process allows Defendants to take funds from a consumer's bank account without the consumer's active participation in effectuating the payment." Paragraph 7 does not contain any other factual allegations, and therefore does not require further responses. To the extent that the other allegations in Paragraph 7 do require a response, BANA denies each and every allegation contained therein.

8. BANA denies the allegations of paragraph 8 of the TAC.

9. BANA denies the allegations of paragraph 9 of the TAC.

10. BANA denies the allegations of paragraph 10 of the TAC.

11. BANA denies the allegations of paragraph 11 of the TAC.

12. Answering paragraph 12 of the TAC, BANA admits that Plaintiff purports to bring a class action lawsuit against Bank of America, N.A., and FIA Card Services, N.A. BANA denies that Plaintiff is entitled to any relief and that the proposed class is proper.

**JURISDICTION AND VENUE**

13. Answering paragraph 13 of the TAC, BANA denies that the TAC states any claim under the Electronic Funds Transfer Act. BANA has insufficient information to determine whether supplemental jurisdiction exists over this action, and therefore denies the remaining allegations in paragraph 13.

14. Answering paragraph 14 of the TAC, BANA admits that jurisdiction exists over this action pursuant to the Class Action Fairness Act.

15. Answering paragraph 15 of the TAC, BANA admits that this Court has personal jurisdiction over it. BANA denies the remaining allegations of paragraph 15.

16. Answering paragraph 16 of the TAC, BANA admits that venue is proper in this Court. BANA denies the remaining allegations of paragraph 16 of the TAC.

17. Paragraph 17 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

18. Answering paragraph 18 of the TAC, BANA has insufficient information to admit or deny the allegations regarding Plaintiff's residence. BANA admits that Plaintiff was charged for the Privacy Assist product on his Bank of America Hawaiian Airlines-branded Visa credit card. BANA denies the remaining allegations of paragraph 18.

19. Paragraph 19 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

20. Answering paragraph 20 of the TAC, BANA admits that it is a national banking association, with its principal place of business in North Carolina. BANA further admits that it is a wholly owned subsidiary of Bank of America Corporation and that it has nationwide and international operations, including retail banking branches and automated teller machines in California. BANA denies each and every other remaining allegation in paragraph 20.

21. Answering paragraph 21 of the TAC, BANA has insufficient information to admit or deny the allegations therein, and therefore denies the allegations in paragraph 21.

22. Answering paragraph 22 of the TAC, BANA has insufficient information to admit or deny the allegations therein, and therefore denies the allegations in paragraph 22.

23. Answering paragraph 23 of the TAC, BANA admits that Plaintiff alleges the existence of one hundred (100) additional DOE Defendants. BANA denies each and every other remaining allegation in paragraph 23.

**CLASS ACTION ALLEGATIONS**

24. Answering paragraph 24 of the TAC, BANA admits that Plaintiff purports to bring a class action lawsuit against Bank of America N.A., and FIA Card Services under Federal Rule of Civil Procedure 23, but denies each and every remaining allegation therein, including, but not limited to, denying that the purported class is entitled to class certification.

25. Answering paragraph 25 of the TAC, BANA denies each and every allegation

therein.

26. Answering paragraph 26 of the TAC and each of its subparts, BANA denies each and every allegation therein.

27. Answering paragraph 27 of the TAC, BANA denies each and every allegation therein.

28. Answering paragraph 28 of the TAC, BANA denies each and every allegation therein.

29. Answering paragraph 29 of the TAC, BANA denies each and every allegation therein.

30. Answering paragraph 30 of the TAC, BANA denies each and every allegation therein.

31. Answering paragraph 31 of the TAC, BANA denies each and every allegation therein.

32. Answering paragraph 32 of the TAC, BANA denies each and every allegation therein.

## PLAINTIFFS' SUBSTANTIVE ALLEGATIONS

**Patricia Vanhorn**

33. Paragraph 33 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

34. Paragraph 34 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

35. Paragraph 35 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

36. Paragraph 36 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this

1 plaintiff no longer asserts any claim against BANA.

2     37.    Paragraph 37 of the TAC relates only to a former plaintiff in this action, and
3 BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this
4 plaintiff no longer asserts any claim against BANA.

5     38.    Paragraph 38 of the TAC relates only to a former plaintiff in this action, and
6 BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this
7 plaintiff no longer asserts any claim against BANA.

8 **Richard Albaugh**

9     39.    Answering paragraph 39 of the TAC, BANA has insufficient knowledge of the
10 allegations set forth therein, and thus denies each and every allegation therein.

11     40.    Answering paragraph 40 of the TAC, BANA has insufficient knowledge of the
12 allegations set forth therein, and thus denies each and every allegation therein.

13     41.    Answering paragraph 41 of the TAC, BANA denies that disclosures on Plaintiff's
14 credit card statements were insufficient. As for the remaining allegations, BANA has insufficient
15 knowledge of the allegations set forth therein, and thus denies each and every remaining
16 allegation.

17     42.    Answering paragraph 42 of the TAC, BANA has insufficient knowledge of the
18 allegations set forth therein, and thus denies each and every allegation therein.

19     43.    Answering paragraph 43 of the TAC, BANA has insufficient knowledge of the
20 allegations set forth therein, and thus denies each and every allegation therein.

21     44.    Answering paragraph 44 of the TAC, BANA has insufficient knowledge of the
22 allegations set forth therein, and thus denies each and every allegation therein.

23     45.    Answering paragraph 45 of the TAC, BANA admits that Plaintiff cancelled his
24 Privacy Assist product. As for the remaining allegations, BANA has insufficient knowledge of
25 the allegations set forth therein, and thus denies each and every remaining allegation.

26     46.    Answering paragraph 46 of the TAC, BANA denies that Plaintiff did not
27 affirmatively authorize his enrollment in the Privacy Assist product. As for the remaining
28 allegations, BANA has insufficient knowledge of the allegations set forth therein, and thus denies

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1 each and every remaining allegation.

2     47. Answering paragraph 47 of the TAC, BANA denies that correspondence was not sent to Plaintiff prior to his cancellation of the Privacy Assist product. As for the remaining allegations, BANA has insufficient knowledge of the allegations set forth therein, and thus denies each and every remaining allegation.

    48. Answering paragraph 48 of the TAC, BANA has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation therein.

**Patrick Mulcahy**

    49. Paragraph 49 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

    50. Paragraph 50 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

    51. Paragraph 51 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

    52. Paragraph 52 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

    53. Paragraph 53 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

    54. Paragraph 54 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

**PLAINTIFFS' SUBSTANTIVE ALLEGATIONS**

    55. Answering paragraph 55 of the TAC, BANA admits that it has marketed the

1  Privacy Assist product for identity theft protection. BANA denies each and every other remaining
2  allegation in paragraph 55.
3       56.     Answering paragraph 56 of the TAC, BANA admits that some Privacy Assist
4  customers pay for the service by electronic funds transfer. BANA denies each and every
5  remaining allegation in paragraph 56.
6       57.     Answering the first sentence of paragraph 57 of the TAC, BANA admits that the
7  Privacy Assist product has been offered through outbound and inbound telemarketing. BANA
8  denies each and every remaining allegation in paragraph 57.
9       58.     Answering paragraph 58 of the TAC, BANA denies each and every allegation
10 therein.
11      59.     Answering paragraph 59 of the TAC, BANA denies each and every allegation
12 therein.
13      60.     Answering paragraph 60 of the TAC, BANA denies each and every allegation
14 therein.
15      61.     Answering paragraph 61 of the TAC, BANA denies each and every allegation
16 therein.
17      62.     Answering paragraph 62 of the TAC, BANA denies each and every allegation
18 therein.
19      63.     Answering paragraph 63 of the TAC, BANA denies each and every allegation
20 therein.
21      64.     Answering paragraph 64 of the TAC, BANA denies each and every allegation
22 therein.
23      65.     Answering paragraph 65 of the TAC, BANA denies each and every allegation
24 therein.

**COUNT I**

**[Unfair Business Practices Act]**

**Cal. Bus. & Prof. Code § 17200 et seq.**

28      66.     Answering paragraph 66 of the TAC, BANA incorporates by reference each of its

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

answers to paragraphs 1 through 65.

67. Paragraph 67 of the TAC does not contain any factual allegations, and therefore requires no response. To the extent that Paragraph 67 does require a response, BANA denies each and every allegation therein.

68. Answering paragraph 68 of the TAC, BANA denies each and every allegation therein.

69. Answering paragraph 69 of the TAC, BANA denies each and every allegation therein.

70. Answering paragraph 70 of the TAC, BANA denies each and every allegation therein.

71. Answering paragraph 71 of the TAC, BANA denies each and every allegation therein.

72. Answering paragraph 72 of the TAC, BANA denies each and every allegation therein.

73. Answering paragraph 73 of the TAC, BANA denies each and every allegation therein, including, but not limited to, denying that Plaintiff and the putative class are entitled to any relief whatsoever.

## COUNT II

**[Deceptive Practices]**

**Consumer Legal Remedies Act, California Civil Code § 1750 et seq.**

74. Answering paragraph 74 of the TAC, BANA incorporates by reference each of its answers to paragraphs 1 through 73.

75. Answering paragraph 75 of the TAC, BANA denies each and every allegation therein.

76. Answering paragraph 76 of the TAC, BANA has insufficient knowledge of the allegations set forth therein, and thus denies each and every allegation in paragraph 76.

77. Answering paragraph 77 of the TAC, BANA denies each and every allegation therein.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

78. Answering paragraph 78 of the TAC, BANA admits that it claims an agreement exists for Plaintiff to receive the Privacy Assist product. BANA denies each and every remaining allegation in paragraph 78.

79. Paragraph 79 of the TAC does not contain any factual allegations, and therefore requires no response.

80. Answering paragraph 80 of the TAC, BANA denies each and every allegation therein.

81. Answering paragraph 81 of the TAC, BANA denies each and every allegation therein.

82. Answering paragraph 82 of the TAC, BANA denies each and every allegation therein.

83. Answering paragraph 83 of the TAC, BANA denies each and every allegation therein.

84. Answering paragraph 84 of the TAC, BANA admits that Plaintiff seeks relief. BANA denies that Plaintiff is entitled to any such relief.

85. Answering paragraph 85 of the TAC, BANA admits that Plaintiff seeks relief. BANA denies that Plaintiff is entitled to any such relief. BANA admits that it received a letter from Plaintiff's counsel in April 2011. BANA denies each and every remaining allegation in paragraph 63.

**COUNT III**

**[Violations of the Electronic Funds Transfer Act]**

**15 U.S.C. §§ 1693 et seq.**

86. Paragraph 86 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

87. Paragraph 87 of the TAC does not contain any factual allegations, and therefore requires no response.

88. Paragraph 88 of the TAC does not contain any factual allegations, and therefore

requires no response.

89. Paragraph 89 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

90. Paragraph 90 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

91. Paragraph 91 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

92. Paragraph 92 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

93. Paragraph 93 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

94. Paragraph 94 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

95. Paragraph 95 of the TAC relates only to a former plaintiff in this action, and BANA denies any allegation of wrongdoing. BANA does not respond to this paragraph as this plaintiff no longer asserts any claim against BANA.

**COUNT IV [Unjust Enrichment]**

96. Answering paragraph 96 of the TAC, BANA incorporates by reference each of its answers to paragraphs 1 through 95.

97. Answering paragraph 97 of the TAC, BANA denies each and every allegation therein.

98. Answering paragraph 98 of the TAC, BANA denies each and every allegation

therein.

99. Answering paragraph 99 of the TAC, BANA denies each and every allegation therein.

100. Answering paragraph 100 of the TAC, BANA denies each and every allegation therein.

**COUNT V [Conversion]**

101. Answering paragraph 101 of the TAC, BANA incorporates by reference each of its answers to paragraphs 1 through 100.

102. Answering paragraph 102 of the TAC, BANA denies each and every allegation therein.

103. Answering paragraph 103 of the TAC, BANA denies each and every allegation therein.

104. Answering paragraph 104 of the TAC, BANA denies each and every allegation therein.

105. Answering paragraph 105 of the Amended Complaint, BANA denies each and every allegation therein.

**PRAYER FOR RELIEF**

Answering Plaintiff's prayer for relief, BANA denies each and every allegation therein, including, but not limited to, denying that Plaintiff is entitled to any of the relief sought in the TAC.

**SEPARATE AND AFFIRMATIVE DEFENSES**

BANA asserts that the Third Amended Complaint is deficient and subject to a multitude of defenses. BANA asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

**First Affirmative Defense**

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Second Affirmative Defense**

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

**(Waiver)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**Third Affirmative Defense**

**(Estoppel)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Fourth Affirmative Defense**

**(Consent)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

**Fifth Affirmative Defense**

**(Ratification)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

**Sixth Affirmative Defense**

**(Acquiescence)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

**Seventh Affirmative Defense**

**(Set-Off)**

By virtue of Plaintiff's receipt, use and enjoyment of benefits and privileges described in the Third Amended Complaint, BANA is entitled to a set-off of any harm allegedly suffered by Plaintiff.

**Eighth Affirmative Defense**

**(Voluntary Payment Doctrine)**

Plaintiff had both actual and constructive notice of all charges incurred on his accounts and cannot bring a claim challenging services for which he was fully aware, and thus is barred from bringing the claims alleged in the Third Amended Complaint.

**Ninth Affirmative Defense**

**(Bona fide Error/EFTA and Regulation E)**

BANA is not subject to liability under § 1963m of the Electronic Funds Transfer Act or the California Legal Remedies Act because, to the extent that any violations of that Act occurred, they

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

were unintentional, in good faith, and/or resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### Tenth Affirmative Defense

### (Failure To Mitigate)

Plaintiff's claims are barred, in whole or in part, because he failed to mitigate against any damages resulting from the acts alleged in the Third Amended Complaint.

### Eleventh Affirmative Defense

### (Acts Of Third Parties)

Each and every claim alleged in the Third Amended Complaint was caused by the acts or omissions of one or more third parties, and therefore BANA is not liable for the acts alleged therein. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff.

### Twelfth Affirmative Defense

### (Acts Or Omissions By Plaintiff)

The claim alleged in the Third Amended Complaint are barred because the loss or harm sustained by Plaintiff, if any, resulted from Plaintiff's own acts or omissions and was not due to any act or omission of BANA.

### Thirteenth Affirmative Defense

### (Preemption)

Plaintiff's claim under California Business and Professions Code Section 17200, et seq., is barred by the existence of a comprehensive administrative or regulatory scheme available to redress the actions complained of by Plaintiff.

### Fourteenth Affirmative Defense

### (Adequate Remedy at Law)

Plaintiff's request for injunctive relief fails because he cannot establish, among other things, that he does not have an adequate remedy at law.

### Fifteenth Affirmative Defense

### (Compliance with Law)

BANA, at all times alleged in the Third Amended Complaint, complied with all applicable federal and state laws and regulations, including the Electronic Funds Transfer Act.

### Sixteenth Affirmative Defense

### (Barred By Contract)

BANA alleges that some or all of Plaintiff's claims are barred by the applicable provisions of a contract and/or agreement entered into by him.

### Seventeenth Affirmative Defense

### (Comparative Fault)

BANA alleges that Plaintiff did not exercise ordinary care, caution and prudence in connection with the transactions and events that are alleged in the Third Amended Complaint. Plaintiff's lack of care, caution, and prudence were independent of and unrelated to the actions, if any, of BANA and proximately caused some or all of the damages, if any, suffered by Plaintiff. Plaintiff is therefore barred from recovery against BANA, or alternatively, Plaintiff's recovery, if any, should be proportionately reduced.

### Eighteenth Affirmative Defense

### (Reservation of Rights)

BANA currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. BANA therefore reserves the right to assert additional affirmative defenses in the event that investigation and discovery indicate that they would be appropriate.

WHEREFORE, BANA prays for judgment as follows:

1. That Plaintiff take nothing by reason of his Third Amended Complaint and that the Court enter a judgment dismissing the Third Amended Complaint and each of its claims with prejudice;

2. For costs of defending against the Third Amended Complaint, including reasonable attorneys' fees to the extent BANA is entitled to such costs and fees; and

3. For such other and further relief as the Court may deem just and proper.

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1
2  Dated: July 11, 2012                    **BRYAN CAVE LLP**
3
4                                          By:  /s/ Brian J. Recor
                                                Brian J. Recor
5
                                           Attorneys for Defendants
6                                          FIA CARD SERVICES, N.A. and
                                           BANK OF AMERICA, N.A.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

SM01DOCS908598.1                    15
                    BANA'S ANSWER TO THIRD AMENDED COMPLAINT
                              CASE NO. CV10-00653-JCS

## **DEMAND FOR JURY TRIAL**

Defendant BANK OF AMERICA, N.A. hereby demands a trial by jury on all issues that are triable by a jury.

Dated: July 11, 2012

**BRYAN CAVE LLP**

By: /s/ Brian J. Recor
     Brian J. Recor
     Attorneys for Defendants
     FIA CARD SERVICES, N.A. and
     BANK OF AMERICA, N.A.

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Bryan Cave LLP, 120 Broadway, Suite 300, Santa Monica, CA 90401.

On **July 11, 2012**, I served the foregoing document, described as**: BANK OF AMERICA, N.A.'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT [AS MODIFIED BY THE COURT'S MAY 4, 2012 ORDER ON MOTION TO DISMISS],** on each interested party in this action, as follows:

## SEE ATTACHED SERVICE LIST

☒ (BY MAIL) I placed a true copy (or original) of the foregoing document(s) in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on **July 11, 2012**, at Santa Monica, California.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Alicia Moore
Alicia Moore

# SERVICE LIST

*Steven M. Chavez v. Bank of America Corporation, et al.*
USDC Northern District Case No. CV10-00653-JCS

| | |
|---|---|
| Kevin F. Ruf<br>Marc L. Godino<br>Jala A. Amsallem<br>Coby M. Turner<br>Glancy Binkow & Goldberg LLP<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067 | *Attorneys for Plaintiff*<br><br>Telephone:   (310) 201-9150<br>Facsimile:    (310) 201-9160<br>Email: info@glancylaw.com<br>           kevinruf@yahoo.com<br>           mgodino@glancylaw.com<br>           cturner@glancylaw.com |
| Steven A. Haskins<br>Steven E. Bledsoe<br>Paul A. Rigali<br>Arent Fox LLP<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065 | *Attorneys for Defendant Intersections Inc.*<br><br>Telephone:   (213) 629-7400<br>Facsimile:    (213) 629-7401<br>Email: haskins.steven@arentfox.com<br>           bledsoe.steven@arentfox.com |